UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

CHARLES F. MURRAY,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

Civil Action No. 09-1494 (PLF)

---

OPINION

This matter is before the Court on two separate motions to dismiss or, in the alternative, for summary judgment filed on behalf of the Federal Bureau of Prisons ("BOP"), a component of the United States Department of Justice ("DOJ").[1] For the reasons discussed below, plaintiff's claims under the Privacy Act, see 5 U.S.C. § 552a, will be dismissed. Regarding plaintiff's claims under the Freedom of Information Act ("FOIA"), see 5 U.S.C. § 552, summary judgment will be granted in part and denied in part.

I. BACKGROUND

At all times relevant to the complaint, plaintiff was a federal prisoner designated to the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). According to the BOP's Inmate Locator, plaintiff was released on July 2, 2010.

---

[1] The Privacy Act and the FOIA apply to federal government agencies, see 5 U.S.C. §§ 551(1), 552(f)(1), 552a(a)(1), and the DOJ is the proper defendant in this case. For convenience, however, the Court will refer to the defendant as "the BOP."

### A. Request No. 2007-08381

On July 21, 2007, plaintiff submitted a FOIA request to the BOP, Compl. ¶ 5, for the following information:

> 1. List of visitors and dates of visits received at [the Federal Detention Center in Philadelphia, Pennsylvania] from July 23, 2003 thru March 2005, at [the Federal Correctional Institution in Elkton, Ohio] from March 2005 thru September 2006 and at FCI Fort Dix from September 2006 to date.
>
> 2. A list of Fine payments made thru the BOP's [Financial Responsibility Program] from March 2005 thru July 2007.

Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [Dkt. #14] ("Def.'s Mem."), Declaration of Vanessa Herbin-Smith ("Herbin-Smith Decl."), Ex. 2 (Privacy Act Request dated July 21, 2007). In addition, plaintiff requested "a waiver of fees since [he was] without any funds to pay for excess copies that might be required." *Id.* On July 31, 2007, the BOP denied plaintiff's fee waiver request. *Id.*, Ex. 3 (Letter from H.J. Sadowski, Regional Counsel, Northeast Regional Office, BOP, regarding FOIA Request No. 2007-08381). Apparently no further action was taken with respect to this request.

### B. Request No. 2008-06038

On March 28, 2008, plaintiff submitted a similar request to the BOP seeking the following information:

> 1. a list of visits that I received while in the custody of [the BOP] giving the names of the visitors, the date of the visit, length of the visit and,

> 2. a list detailing all payments withdrawn from my prison account under the Inmate Financial Responsibility Program . . . showing the date of the payment, the amount of each payment and to which Criminal Judgement and Commitment ORder [sic] it was applied.

Herbin-Smith Decl., Ex. 6 (Privacy Act Request to the FOIA/PA Unit, BOP). The BOP located 25 pages of records responsive to the request, which had been assigned Request No. 2008-06038. Herbin-Smith Decl. ¶¶ 9-10. Of these 25 pages, the BOP released five pages in full and redacted certain information from the remaining pages "because they contain third-party information and information intended for staff use only." *Id.* ¶ 10. Relying on FOIA Exemptions 2, 6 and 7(C), these 20 pages of records were released in redacted form. *Id.* Among the records released was "a 2-page Inmate Visitor List from [plaintiff's] Inmate Central File." *Id.* ¶ 11.

Plaintiff filed an administrative appeal of the BOP's determination with the DOJ's Office of Information Policy ("OIP") challenging the completeness of the BOP's response and the format of the records regarding payment of court-ordered judgments. *Id.* ¶ 14; *see generally id.*, Ex. 8 (July 10, 2008 letter to the Office of Inform/Privacy [sic], DOJ). The list of visits "only included those persons that are currently on [his] visitor list," and therefore the list he received was not the "complete" list he requested. *Id.*, Ex. 8 at 2. For example, the list did not include visits from his former attorney, his significant other, and probation officers, and it did not indicate the length of each visit. *Id.* In addition, plaintiff asserted that the BOP's response to his request for a list detailing all payments withdrawn from his prison account under the Inmate Financial Responsibility Program was incomplete because it did not indicate by criminal case number the amount credited toward each fine owed. *Id.*

On October 28, 2008, the OIP remanded the matter to the BOP, Compl. ¶ 8, with instructions to "process the visitor logs responsive to [plaintiff's] request for release determinations, and provide [plaintiff] with any and all releasable records, subject to any fees," Herbin-Smith Decl., Ex. 9 (October 28, 2008 Administrative Appeal Remand Memorandum).

On remand, the BOP conducted an additional search and located 94 pages of records. Herbin-Smith Decl. ¶¶ 16-17. Staff construed the request as one for "entries in a log book maintained at the entrance to each institution in which [plaintiff] was housed when he received a visitor." *Id.* ¶ 16. Accordingly, staff at each facility obtained the actual log book or books for the relevant time period and looked for "any entry indicating [that plaintiff had] received a visit." *Id.* If he had, staff copied the appropriate page. *Id.* The BOP released two pages of records in full and 92 pages of records in part after having redacted information under FOIA Exemptions 2, 6 and 7(C). *Id.* ¶ 17; *see id.*, Ex. 10 (October 23, 2009 letter from H.J. Sadowski).

## C. Request No. 2010-00258

On September 6, 2009, plaintiff submitted a request to the BOP for the following information in paper format:

> 1. all electronic communications, commonly referred to as E-mail, that was [sic] either generated or received from computers used by staff in Unit 5702 at FCI Fort Dix, NJ after April 1, 2009 to date that have any part of that communication my name or regulation number 40775-050.
>
> 2. all written memorandums [sic] written or received by 5702 unit staff that was a part of that memorandum my name or registration number 40775-050.

4

Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [Dkt. #27] (Def.'s 2d Mem."), Declaration of Donna Johnson ("Johnson Decl."), Ex. 1 (Privacy Act Request dated September 6, 2009); Supp. Compl. ¶ 13. On February 18, 2010, the BOP released three pages of records in full. Johnson Decl. ¶ 4; *see id.*, Ex. 2 (Letter from H.J. Sadowski, with attachments).

## II. DISCUSSION

### A. The BOP's Motions to Dismiss: Privacy Act Claims

Plaintiff brings this action under the Privacy Act, *see* 5 U.S.C. § 552a(g), alleging that the BOP has denied him access to records pertaining to him in violation of 5 U.S.C. § 552a(d)(1), Compl. ¶ 11, and demanding injunctive relief to compel disclosure of the requested records on an expedited basis and at no cost to him. *See id*. at 3. The BOP moves to dismiss plaintiff's complaint in part on the ground that it fails to state a claim under the Privacy Act. *See* Def.'s Mem. at 4-7; Def.'s 2d Mem. at 10-11.

#### 1. Information Pertaining to Visitors

The Privacy Act permits an individual to request "access to his record or to any information <u>pertaining to him</u> which is contained in the system, [and] permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him[.]" 5 U.S.C. § 552a(d)(1) (emphasis added). For purposes of the Privacy Act, the term "record" means "any item, collection, or grouping of information about an individual that is maintained by an agency . . . and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(4). A record, then,

5

must be "about" an individual, *and* it "must contain the individual's name or other identifying particular." *Tobey v. Nat'l Labor Relations Bd.*, 40 F.3d 469, 471 (D.C. Cir. 1994); *see also Leighton v. Cent. Intelligence Agency*, 412 F. Supp. 2d 30, 39 (D.D.C. 2006). Both of these "twin requirements" must be satisfied in order to qualify as a record under the Privacy Act. *Scarborough v. Harvey*, 493 F. Supp. 2d 1, 15 (D.D.C. 2004). "[T]he fact that information contains an individual's name does not mean that the information is 'about' the individual." *Tobey v. Nat'l Labor Relations Bd.*, 40 F.3d at 471; *see also Fisher v. Nat'l Insts. of Health*, 934 F. Supp. 464, 468, 471 (D.D.C. 1996). As the D.C. Circuit elaborated:

> [W]e interpret 5 U.S.C. § 552a(d)(1) to give parties access only to their own records, not to all information pertaining to them that happens to be contained in a system of records. For an assemblage of data to qualify as one of [the plaintiff's] records, it must not only contain his name or other identifying particulars but also be "about" him. That is, it must actually describe him in some way.

*Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1121 (D.C. Cir. 2007) (internal citation omitted); *see also Aguirre v. SEC*, 671 F. Supp. 2d 113, 121 (D.D.C. 2009).

With respect to plaintiff's request for a list of visitors, the BOP argues that the information plaintiff seeks does not pertain to him and therefore does not qualify as a "record" for purposes of the Privacy Act. Def.'s Mem. at 4-5. Following this theory, plaintiff is not entitled to injunctive relief because under the Privacy Act he is not allowed access to records that relate to individuals or entities other than himself. *Id.* at 5. And because the BOP has located and disclosed some information pertaining to plaintiff's visitors, it argues that it has not denied him access to information in violation of 5 U.S.C. § 552a(d)(1). Def.'s Mem. at 7. Plaintiff

6

counters that he "does not ask for, nor does he expect to receive any addresses or phone number[s]," but rather "seeks . . . information pertaining to 'his' visitors." Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Pl.'s Opp'n") at 2. The records he received "did provide a partial list of the names, dates and times of visits . . . [but] the list omitted the names, dates and times of visits by his former counsel, former girlfriend, and U.S. Probation Officers." *Id.* Plaintiff, then, is requesting information including the names of or other identifying particulars assigned to individuals other than himself.

The visitor information plaintiff requests certainly pertains to him in a generic sense – the visitors came to see him at the various BOP facilities where he had been incarcerated, and these visitors necessarily are linked to plaintiff. Even if the information he seeks includes his name and identifying number (in this case his federal register number), the balance of the information requested pertains to the third party visitors personally; the information is not "about" the plaintiff and therefore is not a "record" as the D.C. Circuit has defined the term. *See Tobey v. Nat'l Labor Relations Bd.*, 40 F.3d at 471; *see also Aguirre v. SEC*, 671 F. Supp. 2d at 121; *Leighton v. Cent. Intelligence Agency*, 412 F. Supp. 2d at 39.

2. Information Maintained in the Inmate Central Record System and TRUFACS

The BOP further argues that, with respect to plaintiff's demand for records maintained in the Inmate Central Record System, plaintiff's supplemental complaint fails to state a Privacy Act claim because this system of records is exempt from 5 U.S.C. § 552a(g). Def.'s 2d Mem. at 10-11.

The Privacy Act allows an individual access to an agency's records or information in a system of records pertaining to him, 5 U.S.C. § 552a(d)(1), allows him to file a civil action against an agency which denies him access, 5 U.S.C. § 552a(g)(2)(B), and authorizes the Court to "enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him." 5 U.S.C. § 552a(g)(3)(A). Notwithstanding the relief ostensibly available under the Privacy Act, an agency's Director may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act, *except* subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (I), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . <u>correctional</u>, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual <u>compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision</u>.

5 U.S.C. § 552a(j)(2) (emphasis added). Pursuant to this authority, regulations have been promulgated that exempt the BOP's Inmate Central Record System (JUSTICE/BOP-005) and the Inmate Commissary Accounts Record System (JUSTICE/BOP-006) from subsections (d) and (g), the access and remedy provisions, of the Privacy Act. *See* 28 C.F.R. § 16.97(a)(4), (a)(5). In this case, records responsive to both of plaintiff's requests were located in these exempt systems of records. Herbin-Smith Decl. ¶ 11; Johnson Decl. ¶ 6.

### 3. Plaintiff's Requests Fall Under the FOIA

Plaintiff argues that the BOP improperly relies on FOIA exemptions to withhold the information he has requested under the Privacy Act, and asserts that "the BOP's automatic conversion of all inmate's [sic] Privacy Act request[s] to FOIA requests runs afoul of [5 U.S.C. § 552a(t)(1).]" Pl.'s Opp'n at 3. The FOIA and the Privacy Act necessarily work together. No agency may rely on a FOIA exemption to withhold from an individual any record which otherwise is accessible to him under the Privacy Act, 5 U.S.C. § 552a(t)(1); conversely, no agency may rely on a Privacy Act exemption to withhold from any individual any record which otherwise is available to him under the FOIA, 5 U.S.C. § 552a(t)(2). For example, the Inmate Central Record System is exempt from the access provision of the Privacy Act, 5 U.S.C. §552a(d). *See* 5 U.S.C. 552a(j); 29 C.F.R. § 16.97(a). To the extent that disclosure of information deemed a "record" for Privacy Act purposes is permitted under the FOIA, however, the Privacy Act allows its release. *See* 5 U.S.C. § 552a(t)(2).

The Court concludes that the complaint fails to state Privacy Act claims upon which relief can be granted with respect to information about third party visitors and information maintained in the Inmate Central Record System or the Inmate Commissary Accounts Record System. The BOP properly processed plaintiff's requests under the FOIA.

### *B. The BOP's Motion for Summary Judgment: FOIA Claims*

#### 1. Summary Judgment Standard

The Court will grant a motion for summary judgment if the pleadings, the discovery and disclosure materials on file, together with any affidavits or declarations, show that

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 74 (D.D.C. 2003). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

2. The BOP's Searches for Responsive Records

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *see also Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id.* at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d at 542.

a. Request No. 2008-06038

The BOP gathered records responsive to Request No. 2008-06038 "through a review of [p]laintiff's Inmate Central File . . . and the Trust Fund Accounting and Commissary System ("TRUFACS"). Herbin-Smith Decl. ¶ 11. The former are "BOP records maintained in a centralized file concerning [a] specific inmate," and the latter is "a system that tracks financial data during an inmate's incarceration." *Id.* The BOP's declarant asserts that "[t]his search method was reasonably calculated to uncover all relevant documents." *Id.*. Yet the BOP's declarant does not describe a search method at all. Rather, she states only that the BOP searched two systems of records and found responsive records there. "While the affidavits or declarations submitted by the agency need not set forth with meticulous documentation the details of an epic

search for the requested records, they must describe what records were searched, by whom, and through what processes, and must show that the search was reasonably calculated to uncover all relevant documents." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 92 (D.D.C. 2009) (citations and internal quotation marks omitted). The BOP's declaration does not address these points. It does not establish that the systems of records actually searched were those most likely to contain records responsive to the plaintiff's FOIA request. *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (stating that "the agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested"). Nor does the declaration describe "with particularity the files that were searched [or] the manner in which they were searched." *Steinberg v. U.S. Dep't of Justice*, 23 F.3d at 552. Moreover, the declaration mentioned that one page was a "printout from the BOP's inmate computer database known as Sentry," Herbin-Smith Decl. ¶ 11, but it is unclear whether Sentry is a distinct database which also was searched for records responsive to plaintiff's request. *See id.* ¶ 12.

b. Request No. 2010-00258

Plaintiff's Request No. 2010-00258 specifically refers to e-mail communications and written memoranda generated or received by staff at FCI Fort Dix, *see* Johnson Decl., Ex. 1, and the BOP forwarded the request to FCI Fort Dix with instructions for its staff "to search for any and all responsive records." Johnson Decl. ¶ 3. Each member of plaintiff's Unit Team (a Unit Manager, Case Manager and Correctional Counselor) "searched the BOP's GROUPWISE email system (used by BOP staff to communicate) for documents responsive to" plaintiff's

request for e-mail communications." *Id.* ¶ 6. These staff members were considered the most likely people to have received or generated e-mail messages from computers used by staff in units specified in the request. *Id.* Plaintiff's Case Manager located two pages of e-mail communications. *Id.* These staff members also searched their "individual GROUPWISE email accounts (to include received, sent, and archived) to locate any communications responsive to the request," *id.*, but no additional records were located.

With respect to plaintiff's request for written memoranda written or received by unit staff at FCI Fort Dix, it was determined that plaintiff's Central File was the most likely place to find such information because the "records pertaining to the care, classification, subsistence, protection, discipline and programs of federal inmates" are maintained there. Johnson Decl. ¶ 7. "Records pertaining to an inmate are routinely placed in [his] central file which is maintained at [his] currently designated institution," *id.*, which for plaintiff was FCI Fort Dix. Plaintiff's Case Manager searched the central file and located a one-page document responsive to the FOIA request. *Id.* These three pages of records were released to plaintiff in their entirety. *See id.*, Ex. 2 (attachments).

Although plaintiff filed an opposition, he does not address either the method or the results of the search for records responsive to Request No. 2010-00258. Based on the BOP's declaration and absent a challenge by plaintiff, the Court concludes that the agency's search for e-mail communications and written memoranda pertaining to plaintiff was reasonable under the circumstances.

III. CONCLUSION

Plaintiff's complaint, as amended, fails to state a Privacy Act claim upon which relief can be granted, and the BOP's motions to dismiss the Privacy Act claims therefore will be granted. Because the BOP does not establish that its search for records responsive to Request No. 2008-06038 was reasonably calculated to locate responsive records, summary judgment on the FOIA claims will be denied in part. The Court defers consideration of the exemptions claimed with respect to these records. Because the BOP's search for records responsive to Request No. 2010-00258 was reasonable and because all the records have been released in their entirety, summary judgment will be granted for defendant with respect to this FOIA request. As to the matters on which summary judgment is denied, the BOP may file a renewed motion for summary judgment based on additional undisputed facts or by presenting additional legal arguments. An appropriate Order accompanies this Opinion.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: September 29, 2010